**YURMAN DESIGN, INC., Plaintiff–
Appellant–Cross–Appellee,**

v.

**PAJ, INC., d/b/a Prime Art & Jewel,
Defendant–Appellee–Cross–
Appellant.**

**Docket Nos. 01–7043, 01–7093.**

United States Court of Appeals,
Second Circuit.

Feb. 8, 2002.

Maxim H. Waldbaum, Salans, Hertzfeld, Heilbronn, Christy & Viener; Lori D. Greendorfer, of counsel, New York, NY, for Appellant–Cross–Appellee.

Peter T. Cobrin, Cobrin & Gittes; Oren J. Warshavsky, of counsel, New York, NY, for Appellee–Cross–Appellant.

Present SACK, B.D. PARKER, and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be, and it hereby is, affirmed.

Plaintiff-appellant-cross-appellee Yurman Design, Inc. brought suit against PAJ, Inc. in the Southern District of New York, alleging that PAJ had intentionally infringed five of its copyrights in cable jewelry designs, that twenty-one of PAJ's jewelry designs (including the five copyrighted designs) intentionally infringed Yurman's trade dress in violation of the Lanham Act, and that the intentional trade dress infringements violated New York unfair competition laws. Yurman was largely successful at trial. The jury found that all five of Yurman's copyrights were valid and that four of PAJ's jewelry designs infringed these copyrights. The jury also found that twenty of PAJ's jewelry designs (including four of the copyrighted designs) infringed Yurman's trade dress. The trade dress and copyright infringements were all found to be willful. Because the trade dress infringement was willful, the jury also found PAJ liable under New York unfair competition law. The jury awarded the following damages: (1) $275,000 in statutory damages for copyright infringement, (2) $800,000 in punitive damages on the unfair competition claim, and (3) no damages on the trade dress claim.

PAJ then filed a motion for judgment as a matter of law or for a new trial, challenging most of the jury's findings. On December 12, 2000, the district court (Robert W. Sweet, *Judge*) rejected all of PAJ's arguments, except one: the court vacated the punitive damage award. *Yurman Design, Inc. v. PAJ, Inc.*, 93 F.Supp.2d 449, 454–65 (S.D.N.Y.2000). In the same opinion, the court enjoined PAJ from manufacturing, distributing, or selling the four jewelry designs that infringed Yurman's copyrights, as well as the sixteen additional designs that infringed Yurman's trade dress. *Id.* at 465–67. The court also found that attorneys' fees were warranted for the time spent litigating the copyright claims but not the time spent on the other claims. *Id.* at 463–65. Accordingly, the district court ordered Yurman to submit a fee application that "to the fullest extent possible" identified the costs and fees attributable to the copyright claims. *Id.* at 465.

On December 13, 2000, the district court awarded Yurman $211,561.70 in attorney fees and $22,757.03 in costs pursuant to 17 U.S.C. § 505 of the Copyright Act, which allows for the recovery of "a reasonable attorney's fee to the prevailing party."

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

*Yurman Designs, Inc. v. PAJ, Inc.*, 125 F.Supp.2d 54 (S.D.N.Y.2000) ("*Yurman II*"). This amount is approximately twenty percent of the total fees and costs billed to Yurman. The district court explained that because the trade dress claim "was the principal emphasis of Yurman in terms of discovery, time spent and commercial impact, an overall twenty percent allocation of fees and expenses actually charged is properly attributable to the copyright claim." *Id.* at 57.[1]

On appeal, Yurman argues, *inter alia*, that the amount awarded is too low because the district court (1) failed to consider the need for deterrence when setting the fee award amount, (2) relied upon an inadmissible expert opinion, and (3) failed to sufficiently explain why it awarded only 20% of the fees billed. On cross-appeal, PAJ asserts that the district court wrongly (1) admitted Yurman's attorney's declaration because the attorney's secretary signed it on his behalf, and (2) awarded fees for time spent on a related declaratory judgment action brought by PAJ in a Texas district court. We find all these arguments to be without merit.

■ First, the district court did not err by failing to consider Yurman's willfulness and the need for deterrence when determining the amount of the fee award. In this circuit, willfulness only needs to be considered when a court is deciding *whether* to award any fees in a copyright case, not when determining the *amount* of fees. *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.10[C], at 14–145 to 14–146 & n. 15 (2000)).

Yurman's argument that it was an abuse of discretion for the district court to rely on the opinion of one of PAJ's expert witnesses is similarly without merit. "It is well-established that the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir.1996) (internal citations and quotation marks omitted). Yurman has presented no convincing reason to question the district court's decision to admit PAJ's expert's opinion. In any event, there is no evidence that the district court even relied on PAJ's expert's opinion when setting the fee award.

■ Yurman next asserts that the district court abused its discretion when it decided to award only twenty percent of the attorneys' fees billed because it failed to sufficiently explain its reasoning, failed to consider the proper factors, and erroneously held that the copyright claims were simple and a minor part of the overall case. We disagree. The district court is intimately familiar with the details of this case, and we have no basis on which to conclude that its finding that only twenty percent of the time spent on the case was attributable to the copyright claims was an abuse of discretion. *See Mikes v. Straus*, 274 F.3d 687, 704 (2d Cir.2001) ("In our review, we bear in mind that an award of attorneys' fees is well suited to the daily operations of the district court because such a decision may ultimately combine

---

1. After this decision was issued, another panel of this court affirmed the damages and injunction related to the copyright claims but reversed the judgment on the trade dress and state law unfair competition claims. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir.2001).

extensive factfinding ability with a large degree of discretion.").

On cross-appeal, PAJ first argues that the district court erred by admitting Yurman's attorney's declaration because the declaration was not signed by Yurman's attorney but was signed by Yurman's attorney's secretary as his authorized agent. We need not decide whether a declaration may be signed by an authorized agent because Yurman's attorney personally signed and submitted a subsequent declaration that reaffirmed everything he had said in the first declaration.

■ Finally, we find no merit to PAJ's argument that the district court abused its discretion by awarding Yurman fees for time spent litigating PAJ's declaratory judgment action in a Texas district court. The Texas action was based on the same facts and encompassed the same issues, and resolution of the claims in the Texas court "was essential to the resolution of the claims in this Court." *Yurman II,* 125 F.Supp.2d at 56. Furthermore, the Texas action was an improper attempt by PAJ to divest Yurman of its rightful forum choice.

We have reviewed the parties' remaining claims and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.